```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KESLEY FORTUNE, on behalf of herself and all    :    Civ No:
others similarly situated,                       :
                                                 :    COMPLAINT
                                                 :
                            Plaintiff,           :    FLSA COLLECTIVE
            -against-                            :    ACTION AND RULE 23
                                                 :    CLASS ACTION
I.K. HOFMANN USA, INC.,                          :
                                                 :
                                                 :
                            Defendant.           :
------------------------------------------------------------X
```

Plaintiff KESLEY FORTUNE, on behalf of himself and all others similarly situated, by and through his attorneys, Naydenskiy Law Group, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. This is a collective action lawsuit under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq., ("FLSA") and is brought to remedy widespread wage and hour violations by I.K. HOFMANN USA, INC. ("Defendant"), that deprived Plaintiff and all other current and former hourly employees of overtime and other wages to which they are entitled.

2. Plaintiff also brings this as a class action pursuant to Federal Rule Civil Procedure Rule 23 to remedy violations of the New York Labor Law, Article 19, §§ 650 *et. seq.* ("NYLL"), and the supporting New York State Department of Labor regulations, and to recover unpaid overtime and other wages to which they are entitled, on behalf of

1

himself and all similarly situated current and former hourly employees who work, or worked, for Defendant.

3. Plaintiff and the other hourly employees were not compensated for all of the time they worked for Defendant when they worked through their automatically deducted forty-five minute unpaid meal breaks.

4. Defendant have thus willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to properly record, credit, and compensate Plaintiff and the other hourly employees for work which Defendant effectively required and/or permitted them to work in excess of (i) their paid hours, and (ii) 40 hours per week.

5. Defendant's pattern, practice and policy of requiring or permitting work without properly compensating its employees for same has violated its employees' rights under the FLSA and New York Law.

## **JURISDICTION AND VENUE**

6. Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et. seq.,* and 28 U.S.C § § 1331.

7. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

8. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendant does business in this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

9. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. 1391.

## THE PARTIES

10. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

11. Plaintiff has been employed by Defendant as a dishwasher from in or about May 2016 through on or about January 18, 2017.

12. Plaintiff's written consent to sue form is attached hereto as Exhibit "A".

13. Defendant I.K. HOFMANN USA, INC. is a Foreign Business Corporation licensed to do business in the State of New York, with its process service address listed at 1117 Perimeter Center West, Suite E 115, Atlanta, GA 30338.

14. At all times relevant hereto, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

15. At all times relevant hereto, the activities of the Defendant constituted an "enterprise" within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

16. At all times relevant hereto, Defendant employed employees, including Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, who regularly engaged in commerce, in the production of goods for commerce, or in handling, selling or otherwise working on goods and materials, which were moved in or produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

17. At all times relevant hereto, Defendant' annual revenue is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendant at New York Lufthansa Airport Lounges as hourly, non-exempt employees during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

19. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decisions, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20. Other New York Lufthansa Airport Lounge hourly, non-exempt employees currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other employees to receive notice of the action and allow them to opt in to this action if they so choose.

21. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22. Plaintiff brings the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and other damages on behalf of all individuals employed in the State of New York by Defendant at Lufthansa Airport Lounges as hourly, non-exempt employees at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

23. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendant. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant' records. Notice can be provided by means permissible under FRCP Rule 23.

24. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to the Plaintiff and is presently within the sole control of Defendant, Plaintiff believes that through discovery he will obtain evidence to establish that there are at least 40 members of the Class.

25. Plaintiff's claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of

Defendant, in that they were not compensated for overtime hours worked as required by 12 NYCRR § 142-2.2, and that Defendant failed to provide them with proper notices and wage statements as required by NYLL §195. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

26. As fellow employees of Defendant, which failed to adequately compensate Plaintiff and the members of the Class as required by law, Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained Gennadiy Naydenskiy, Esq., a competent and experienced employment litigator.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be

served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29. Upon information and belief, employees of Defendant in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

30. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendant required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for all hours worked as required by 12 NYCRR § 142-2.2, (b) whether Defendant provided Class Members with the notices required by NYLL

§ 195(1), and (c) whether Defendant provided Class Members with sufficiently detailed wage statements as required by NYLL § 195(3).

31. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the NYLL.

## FACTUAL ALLEGATIONS

32. Defendant is a leading international provider of professional employment services, with over 20,000 employees working in over 100 locations across five countries.

33. Defendant operates a Lufthansa lounge out of John F. Kennedy International Airport in Queens, New York. Defendant employs various non-exempt hourly employees who are assigned to perform airport lounge work for Lufthansa.

34. At all times relevant hereto, Defendant employed Plaintiff, the FLSA Collective Plaintiffs, and the Class Members as hourly, non-exempt employees.

35. Defendant generally scheduled Plaintiff to work – and Plaintiff generally worked five or six days a week.

36. Defendant automatically deducted 45 minutes from Plaintiff's, FLSA Collective Plaintiffs' and the Class Members' work day wages for meal breaks.

37. Accounting for the 45-minute automatic meal deductions the Plaintiff regularly worked at least 41 hours a week for the Defendant.

38. Although the Plaintiff's work schedule varied, during the work week from September 11, 2016 to September 17, 2016, the Defendant scheduled the Plaintiff to work- and Plaintiff worked at least 42.55 hours.

39. Additionally, at least twice a week, Plaintiff worked through the automatically deducted 45-minute meal break, without compensation.

40. Thus, Plaintiff worked, at the minimum, an hour and thirty minutes of uncompensated overtime per workweek.

41. Upon information and belief, the FLSA Collective Plaintiffs and the Class Members were similarly regularly required by the Defendant to work though their uncompensated meal break.

42. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members regularly worked over 40 hours per workweek. Despite Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly working in excess of 40 hours per week, Defendant failed to pay them overtime premiums for all hours worked as required by law.

43. Defendant did not properly compensate Plaintiff, the FLSA Collective Plaintiffs, and the Class Members at the lawful overtime rates of one and one-half times their regular hourly rates of pay as required by law for <u>all</u> hours worked in excess of forty (40) hours per week.

44. Defendant failed to provide Plaintiff and the Class Members with the notices required by NYLL §195(1).

45. Defendant violated NYLL § 195(3) by failing to furnish Plaintiff and the Class Members with an accurate statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

46. Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendant were not paid

overtime premiums for all hours worked in excess of 40 hours in a week. Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

47. Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## **FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

48. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

49. Throughout the statute of limitations period covered by these claims, Defendant was and continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA and employed Plaintiff and each member of the FLSA Collective.

50. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

51. At all relevant times, Defendant operated under a policy and practice of failing to pay proper overtime compensation to Plaintiff and the FLSA Collective Plaintiffs for all of the hours they worked in excess of 40 hours per week.

52. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated

(double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Wages & Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Heimself and the Class Members)**

53. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

54. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

55. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

56. Throughout the Class Period, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

57. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class members for all hours worked at their regular rates of pay <u>and</u> at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

58. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

59. Plaintiff, on behalf of himself and the Class Members, seeks damages in the amount of their respective unpaid wages, overtime compensation, liquidated

damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(Notice & Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself and the Class Members)**

60. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

61. Defendant has willfully failed to supply Plaintiff and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiff and each Class Member as his/her primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

62. Defendant has willfully failed to supply Plaintiff and each Class Member with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked,

including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

63. Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendant, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a) A Declaration that Defendant has violated the FLSA and other applicable laws;

(b) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(c) Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

(d) Certification of this action as a class action;

(e) Designation of the Named Plaintiff as the Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(f) Designation of Plaintiff's Counsel as Class Counsel for the FLSA Collective and for the Class;

(g) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendant;

(h) Penalties available under applicable laws;

(i) Statutory damages under NYLL § 198(1-d) for violations of NYLL § 195(3);

(j) Costs of action incurred herein, including expert fees;

(k) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

(l) Pre-Judgment and post-judgment interest, as provided by law; and

(m) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: March 12, 2017      Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

_____
Gennadiy Naydenskiy (GN 5601)
1517 Voorhies Avenue, 2nd Floor
Brooklyn, NY 11235
(800) 789-9396 Phone
(866) 261-5478 Fax
naydenskiylaw@gmail.com
*Attorney for Plaintiff, Proposed Collective Action Plaintiffs and Proposed Class Members*

# EXHIBIT A

DocuSign Envelope ID: 2550A903-D0FA-40C7-89D9-BB9685C0CC58

I am a current or former employee of I.K. HOFMANN USA, INC., AUDREY BALABA, and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this \_\_\_\_ day of _____ , 2016.     2/2/2017

_____
572B67320310427
Signature

Kesley Fortune
_____
Full Legal Name (print)