# *NAYDENSKIY LAW GROUP, P.C.*

*1517 Voorhies Ave, 2nd Fl., Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224*

July 11, 2017

**BY ECF**

**Honorable Judge Roanne L. Mann**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

Re:   <u>*Fortune v. I.K. Hoffman USA, INC*</u>.   <u>17-CV-1533 (MKB)(RLM)</u>

## **LETTER**

Dear Honorable Judge Mann,

Attached please find the correct exhibit A for Plaintiff's Motion for Settlement (ECF # 13)

Dated: July 11, 2017                                           Naydenskiy Law Group, P.C.
                                                               _____s/_____
                                                               Gennadiy Naydenskiy
                                                               1517 Voorhies Ave, 2nd Fl.
                                                               Brooklyn, New York 11235
                                                               (718) 808-2224
                                                               naydenskiylaw@gmail.com
                                                               *Attorney for Plaintiff*

# EXHIBIT A

Case 1:17-cv-01533-MKB-RLM    Document 14    Filed 07/11/17    Page 2 of 5 PageID #: 68

## SETTLEMENT AGREEMENT AND RELEASE

I.K. Hoffman USA, Inc. ("Employer"), and Kesley Fortune, his heirs, executors, administrators, successors, and assigns, in their respective capacity as such (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Consideration.** In consideration for signing this Agreement and Release, and complying with the terms and conditions herein, Employer agrees to pay Employee Three Thousand Dollars ($3,000.00). The sum of Eight Hundred Forty Six Dollars and Sixty Seven Cents ($846.67.00) will be made payable to Employee and will be subject to normal withholdings, for which a Form W-2 will be issued. The sum of Eight Hundred Forty Six Dollars and Sixty Seven Cents ($846.67.00) will be made payable to Employee and will not be subject to withholdings, for which a Form 1099 will be issued attorneys' fees and costs of $1,306.66, representing Four Hundred and Sixty Dollars in costs and Eight Hundred Forty Six Dollars and Sixty Six Cents in attorneys' fees to Naydenskiy Law Group, P.C. for which a Form 1099 will be issued to Employee and Naydenskiy Law Group, P.C. Employer agrees to make all payments in one lump payment within fourteen (14) calendar days after (a) Employer receives a signed original of this Agreement and Release; and (b) the settlement has been approved by the Court, and the case dismissed with prejudice.

2. **No Consideration Absent Execution of this Agreement.** The parties dispute employee's entitlement to any additional monies and Employee agrees he would not receive the monies and/or benefits specified in Paragraph "1" above now, except for Employee's execution of this Agreement and Release and the fulfillment of the promises contained herein.

3. **Release of Claims.** Employee knowingly and voluntarily releases and forever discharges I.K. Hoffman USA, Inc., LSG Sky Chefs USA, Inc., and their owners, shareholders, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, in their respective capacity as such, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims related to Employee's work for I.K. Hoffman, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and Release, including, but not limited to, claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and their implementing regulations, Title VII of the Civil Rights Act, the New York State Human Rights Law, the New York City Human Rights Law, and any other federal, state, city law, or any claim arising under the common law.

3. **Acknowledgments and Affirmations.**

    (a) Employee affirms that he has not filed, caused to be filed, or presently is a party to any claim against Employer, except the within lawsuit, filed with the United States District Court for the Eastern District of New York; that this Agreement represents a settlement of a bona fide dispute regarding wages owed and hours worked; and that Employee

whose signature appears thereon, and all of which shall together constitute on and the same instrument.

9. **Competency to Waive Claims.** Employee is competent to affect a knowing and voluntary general and unlimited release of all wage claims, as contained herein, and to enter into this Agreement. He is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, he has a clear and complete understanding of this Agreement. Employee is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Releasees from any claims by or relating to Employee.

10. **Execution**.

(a) The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. The meaning, effect and terms of this Agreement have been fully explained to Employee by his counsel, Naydenskiy Law Group, P.C. Employee fully understands that this Agreement generally releases, settles, bars and waives any and all wage claims that Releasor possibly could have against Releasees. Employee further represents that he is fully satisfied with the advice and counsel provided by Naydenskiy Law Group, P.C.

(b) Employee also confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Releasees to execute this Agreement and was not caused to sign this Agreement without the opportunity for or actual consultation with counsel; and,

(c) Employee fully understands the terms of this Agreement and does not require translation service or other assistance.

**EMPLOYEE AFFIRMS HE HAS CONSULTED WITH NAYDENSKIY LAW GROUP, P.C. PRIOR TO SIGNING THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: May 31, 2017         By: _____
                                 KESLEY FORTUNE

3

STATE OF NEW YORK )
) ss.:
COUNTY OF  New York )

On the 5 day of ~~May,~~ June 2017, before me, the undersigned notary, Kesley Fortune personally appeared and proved to me, on the basis of satisfactory evidence, establihed that he is executing this Negotiated Settlement Agreement. Mr. Fortune advised me that he is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Releasees. He also confirms her complete understanding of this Agreement and the lack of need of translation services.

CHRIS RAMIREZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RA6227971
Qualified in New York County
My Commission Expires 09-07-2018

Signature and Office of individual taking acknowledgment

Dated: May __, 2017

I.K. HOFFMAN USA, INC.

By: Jeannette Blake
Title: President

4831-3302-0744, v. 1

4